# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 3048 | **DATE** | 12/8/2011 |
| **CASE TITLE** | Pink Lotus Entertainment, LLC vs. Does 1-20 | | |

**DOCKET ENTRY TEXT**

Doe 98.228.184.81's motion to dismiss and quash subpoena [#10] is denied without prejudice. See statement below.

■[ For further details see text below.]   Mailed notice by judge's staff.

## STATEMENT

 Pink Lotus Entertainment, LLC ("Pink Lotus") filed a complaint against 20 Does alleging violations of the Copyright Act, 17 U.S.C. §§ 101, *et seq.*, and common law claims for civil conspiracy. Pink Lotus produces adult videos, including the video Dexxxter (the "Video"), and claims that defendants used a BitTorrent file-sharing protocol to obtain and distribute copies of the Video without its authorization or license. Using peer-to-peer forensic software, Pink Lotus captured the IP addresses used by individuals who downloaded the Video as well as the dates and times of the downloads. *See* Compl., Ex. A. On May 9, 2011, Pink Lotus filed an *ex parte* motion to conduct limited discovery prior to the Rule 26(f) Conference, seeking to issue subpoenas to defendants' Internet Service Providers ("ISPs") that would require production of the name and other identifying information associated with each IP address. *See* Dkt. #5. The court granted Pink Lotus's motion on May 16, 2011. *See* Dkt. #7. Before the court is a motion to dismiss and to quash subpoena filed by the individual associated with IP address 98.228.184.81 ("Doe 98.228.184.81"). Doe 98.228.184.81 argues that (1) this court lacks personal jurisdiction over defendants, (2) the claims must be severed, and (3) the subpoenas must be quashed because they violate the First Amendment right to anonymous speech. For the following reasons, Doe 98.228.184.81's motion will be denied.[1]

I. Personal Jurisdiction

 Doe 98.228.184.81 first argues that the complaint does not allege facts sufficient to meet Pink Lotus's burden of establishing personal jurisdiction. As numerous courts have recognized, a motion to dismiss is premature where the defendants have not yet been named as parties to the action and the court cannot assess whether they have the requisite jurisdictional contacts. *See, e.g.*, *First Time Videos, LLC* v. *Does 1–76*, 276 F.R.D. 254, 259 (N.D. Ill. 2011); *First Time Videos, LLC* v. *Does 1–500*, 276 F.R.D. 241, 251 (N.D. Ill. 2011); *Hard Drive Prods., Inc.* v. *John Does 1–44*, No. 11 C 2828, Dkt. #15 at 1 (N.D. Ill. Aug. 9, 2011); *MGCIP* v. *Does 1–316*, No. 10 C 6677, 2011 WL 22958, at *2 (N.D. Ill. Jun. 9, 2011); *Call of the Wild*

**STATEMENT**

*Movie, LLC* v. *Does 1–1,062*, 770 F. Supp. 2d 332, 346–47 (D.D.C. 2011); *Virgin Records Am., Inc.* v. *Does 1–35*, No. CIV.A. 05-1918(CKK), 2006 WL 1028956, at *3 (D.D.C. Apr. 18, 2006); *Sony Music Entm't Inc.* v. *Does 1–40*, 326 F. Supp. 2d 556, 567 (S.D.N.Y. 2004); *but see VPR Internationale* v. *Does 1-1,017*, No. 11 C 2068, 2011 Dist. LEXIS 64656, at *5 (C.D. Ill. Apr. 29, 2011) (declining to certify interlocutory appeal of denial of motion for expedited discovery because "[t]he court has no jurisdiction over any of the Does at this time"). The motion to dismiss for lack of personal jurisdiction will be denied without prejudice to re-raising this issue once defendants have been named.

II.    Improper Joinder

Doe 98.228.184.81 next argues that Pink Lotus has improperly joined defendants under Federal Rule of Civil Procedure 20. Rule 20(a) permits parties to be joined as defendants where (1) a claim is asserted against them "with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences," and (2) "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2)(A)–(B). Courts have interpreted the word "transaction" flexibly. *Gorence* v. *Eagle Food Ctrs., Inc.*, No. 93 C 4862, 1996 WL 734955, at *3 (N.D. Ill. Dec. 19, 1996). "Accordingly, all 'logically related' events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence." *Id*. (quoting *Mosely* v. *Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974)). If parties have been improperly joined as defendants, the court may sever the claims pursuant to Rule 21.

Pink Lotus's complaint alleges that defendants participated in the same series of transactions by downloading and distributing the Video using a BitTorrent protocol. This involved "exchanging pieces of the Video file with other Defendants in the group of individuals who were sharing pieces of the file among one another (*i.e.* the torrent swarm) to obtain a complete copy of the Video." (Compl. ¶ 8.) The complaint further alleges that defendants intentionally entered the torrent swarm and thereby engaged in concerted action with other participants in the torrent swarm to disseminate files, including the Video. Pink Lotus observed defendants' activities in the torrent swarm that is specific to the Video and created a log of IP addresses identifying each defendant and the date and time of the defendant's activity. (Compl., Ex. A.) In addition, Pink Lotus traced the IP addresses of each defendant to a point of origin in Illinois. Pink Lotus asserts that questions of law that are common to all defendants include: (1) whether "copying" occurred within the meaning of the Copyright Act, (2) whether entering a torrent swarm constitutes a willful act of infringement, and (3) whether entering a torrent swarm constitutes a civil conspiracy.

These allegations are sufficient to satisfy the requirements of Rule 20(a). *See First Time Videos*, 276 F.R.D. at 257 (denying motion to sever claims based on similar allegations); *First Time Videos*, 276 F.R.D. at 252–53; *Hard Drive Prods.*, No. 11 C 2828, Dkt. #15 at 2; *MGCIP*, 2011 WL 2292958, at *2. Moreover, when presented with copyright claims involving file-sharing via a BitTorrent protocol, "[t]he overwhelming majority of courts have denied as premature motions to sever prior to discovery." *First Time Videos*, 276 F.R.D. at 258 (collecting cases); *but see CP Prods., Inc.* v. *Does 1–300*, No. 10 C 6255, Dkt. #32 (N.D. Ill. Feb. 24, 2011) (severing claims where complaint named over 300 defendants and had alleged no basis for personal jurisdiction). Doe 98.228.184.81's motion to sever is denied without prejudice to raising this issue again at a later stage in the litigation.

III.    First Amendment Right to Anonymous Speech

Finally, Doe 98.228.184.81 argues that the subpoenas to the ISPs must be quashed because they violate defendants' First Amendment right to engage in anonymous speech. The court's analysis of this request is governed by Federal Rule of Civil Procedure 45(c)(3)(iii), which provides that a court must quash

**STATEMENT**

or modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies."

Courts have recognized that individuals engaged in file-sharing have a limited First Amendment interest in engaging in anonymous speech. *See, e.g.*, *Arista Records, LLC* v. *Doe 3*, 604 F.3d 110, 118 & 124 (2d Cir. 2010); *First Time Videos*, 276 F.R.D. at 256; *First Time Videos*, 276 F.R.D. at 248–49; *Call of the Wild Movie*, 770 F. Supp. 2d at 349–50. "The First Amendment interest implicated by their activity, however, is minimal given that file-sharers' ultimate aim is not to communicate a thought or convey an idea but to obtain movies and music for free." *Call of the Wild Movie*, 770 F. Supp. 2d at 349 (quotations and citations omitted). In *First Time Videos* v. *Does 1–500*, another court in this district considered five factors adopted by the Second Circuit to determine whether to grant a motion to quash subpoenas issued to ISPs. The court considered (1) whether the plaintiff had made a *prima facie* claim of actionable harm, (2) the specificity of the discovery request, (3) the absence of alternative means to obtain the subpoenaed information, (4) the need for the subpoenaed information to advance the claim, and (5) the objecting party's expectation of privacy. *First Time Videos*, 276 F.R.D. at 248–49 (citing *Sony Music*, 326 F. Supp. 2d at 564–65); *see also Arista Records*, 604 F.3d at 118 (adopting the *Sony Music* factors as the proper standard for motion to quash); *Call of the Wild Movie*, 770 F. Supp. 2d at 351 (noting that numerous courts across the country have used the *Sony Music* test in file-sharing copyright infringement actions). Applying these factors to Pink Lotus's case, Doe 98.228.184.81's motion to quash must be denied.[2]

First, the complaint alleges that defendants intentionally downloaded a torrent file particular to the Video and then reproduced and distributed the Video to third parties without Pink Lotus's authorization or license. The complaint further alleges that Pink Lotus has applied for copyright registration of the Video and that the Video is marked with a copyright notice. These allegations establish a *prima facie* claim of actionable harm. Second, Pink Lotus's discovery request explained that it identified the IP addresses by using forensic software and sought information only from those ISPs who provided internet access to each defendant and assigned a unique IP address to each defendant. (*See* Dkt. #5 & Ex. A.) The information that Pink Lotus obtains from the ISPs will allow Pink Lotus to identify and serve the defendants in this case. Therefore the discovery request is tailored specifically to the objective of prosecuting Pink Lotus's claims. Third, Pink Lotus asserts that it will not be able to identify the defendants without the information it seeks from the ISPs. Fourth, Pink Lotus has shown that it cannot advance its copyright claims without the identifying information from the ISPs because it will not know the identities of the defendants associated with the IP addresses. Fifth, defendants have only a minimal expectation of privacy and the First Amendment does not create a right to engage in copyright infringement. Taking all of these factors into account, defendants' limited First Amendment interest in engaging in anonymous speech does not outweigh Pink Lotus's right to protect its intellectual property interest in the Video. *See Arista Records*, 604 F.3d at 124 ("[W]e regard Doe 3's expectation of privacy for sharing copyrighted music through an online file-sharing network as simply insufficient to permit him to avoid having to defend against a claim of copyright infringement."). Accordingly, Doe 98.228.184.81's motion to quash is denied.

---

1. Doe 98.228.184.81's motion, *filed pro se*, does not cite or interpret relevant case law but instead adopts an *amicus* brief filed by the Electronic Frontier Foundation ("EFF") in support of a motion to quash subpoena in another BitTorrent file-sharing case in this district, *First Time Videos, LLC* v. *Does 1–500*, Case No. 10 C 0654. The court has addressed the arguments raised in EFF's *amicus* brief where they are relevant to Doe 98.228.184.81's defense. The court has also reviewed the orders from other copyright cases that are quoted, albeit with no analysis, in the motion.

2. Doe 98.228.184.81 argues that the court should apply the more rigorous test used in *Dendrite International* v. *Doe*, 775 A.2d 756 (N.J. App. 2001). *Dendrite* was a defamation case that implicated different First Amendment interests and has not been adopted in file-sharing cases. *See Call of the Wild Movie*, 770 F. Supp. 2d at 351 n.7.